UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v. -                        :     SEALED INDICTMENT

THOMAS JEFFERSON KENT, JR.,        :     13 Cr.
   a/k/a "Daryl Walker,"
SANFORD GOTTESMAN,
BRAD ROBINSON, and                      **13 CRIM 571**
BENO MATTHEWS,

        Defendants.          :

- - - - - - - - - - - - - - - - - x

COUNT ONE

(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

Background

1.    At certain times relevant to this Indictment, FDP Capital was a company used by THOMAS JEFFERSON KENT, JR., a/k/a "Daryl Walker," and BRAD ROBINSON, the defendants, to obtain advance fees from individuals who were in search of funding for business and real estate projects.

2.    At certain times relevant to this Indictment, Phoenix Global Holdings Inc. ("Phoenix Global") was a company used by THOMAS JEFFERSON KENT, JR., a/k/a "Daryl Walker," and BRAD ROBINSON, the defendants, to obtain advance fees from individuals who were in search of funding for business and real estate projects.

JUDGE FORREST

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/13

3.    At certain times relevant to this Indictment, Wilshire Capital, Inc. ("Wilshire Capital") and Wilshire Financial, Inc. ("Wilshire Financial") were companies used by THOMAS JEFFERSON KENT, JR., a/k/a "Daryl Walker," SANFORD GOTTESMAN, BRAD ROBINSON, and BENO MATTHEWS, the defendants, to obtain advance fees individuals who were in search of funding for business and real estate projects.

4.    At certain times relevant to this Indictment, Vouyer Capital LLC ("Vouyer Capital") and Midwest Global Partners Inc. ("Midwest Global") were companies used by THOMAS JEFFERSON KENT, JR., a/k/a "Daryl Walker," and BENO MATTHEWS, the defendants, to contact individuals who were in search of funding for business and real estate projects.

<u>The Conspiracy</u>

5.    From at least in or about January 2007, up to and including in or about June 2012, in the Southern District of New York and elsewhere, THOMAS JEFFERSON KENT, JR., a/k/a "Daryl Walker," SANFORD GOTTESMAN, BRAD ROBINSON, and BENO MATTHEWS, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1343.

6.    It was a part and an object of the conspiracy that THOMAS JEFFERSON KENT, JR., a/k/a "Daryl Walker," SANFORD

2

GOTTESMAN, BRAD ROBINSON, and BENO MATTHEWS, the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

<u>Means and Methods of the Conspiracy</u>

7.    Among the means and methods by which THOMAS JEFFERSON KENT, JR., a/k/a "Daryl Walker," SANFORD GOTTESMAN, BRAD ROBINSON, and BENO MATTHEWS, the defendants, would and did carry out the conspiracy were the following:

a.    KENT incorporated or otherwise helped to form companies, including FDP Capital, Phoenix Global, Wilshire Capital, Wilshire Financial, Vouyer Capital, and Midwest Global, posed as an investment banker and/or financier from one or more of these entities and then contacted individuals who were in search of funding for business and real estate projects.  At times, KENT used a fake identity.

b.    ROBINSON worked as a broker for KENT, among others.  ROBINSON contacted individuals and put them in touch

with one of KENT's companies or with KENT.  Telephone calls to

KENT's companies typically would be received at one or more

"virtual" offices in Manhattan, New York, including from

individuals outside the State of New York.

       c.    After the victims were put in touch with

KENT or one of KENT's companies, KENT, GOTTESMAN, ROBINSON, or

other individuals working with KENT would ask the victims for

wire transfers of money as advance fees, purportedly to cover

the costs of any site visits and/or other due diligence.  The

victims were promised that if funding was not provided, the

advance fees would be returned, minus any expenses for site

visits and/or other due diligence.  Many of the wire transfers

were made from outside the State of New York into the bank

accounts of KENT's companies, many of which were located within

the Southern District of New York.

       d.    After receiving the advance fees, KENT,

GOTTESMAN, and ROBINSON would sometimes cut off all

communication with the victim without returning the advance fees

that were paid.  On other occasions, KENT or GOTTESMAN would

conduct a site visit, cut off all communication with the victim

after the site visit was completed, and make no refund of the

amount of the advance fee that was not spent on the site visit

and/or other due diligence.  On other occasions, KENT or

GOTTESMAM would conduct a site visit, then request additional

advance fees before eventually cutting off communication with the victims and failing to make promised refunds.

e.   MATTHEWS furthered the conspiracy by incorporating Midwest Global and by serving as the signatory on the bank accounts of Wilshire Capital, Vouyer Capital, and Midwest Global, into which accounts advance fees were wire transferred by victims.  Using his authority over the Midwest Global bank account, MATTHEWS submitted paperwork to a financial institution to authorize KENT, under KENT's fake identity of "Daryl Green," to use check cards for the bank account. MATTHEWS was designated as the Chief Executive Officer of Wilshire Capital, the Manager of Vouyer Capital, the President of Midwest Global, and received bank account statements for the accounts of these companies at his home.

<u>Overt Acts</u>

8.   In furtherance of the conspiracy and to effect its illegal object, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about February 2007, THOMAS JEFFERSON KENT, JR., a/k/a "Daryl Walker," the defendant, sent an e-mail to the president of a company.

b.   In or about September 2007, BRAD ROBINSON, the defendant, instructed the manager of a corporation to wire transfer approximately $5,500 to a bank account of FDP Capital.

c.   In or about October 2009, SANFORD GOTTESMAN, the defendant, conducted a site visit on behalf of Wilshire Capital.

d.   In or about May 2010, an individual working with KENT instructed the vice president of a company to wire transfer approximately $9,500 to a bank account of Wilshire Financial.

e.   In or about March 2012, BENO MATTHEWS, the defendant, submitted an authorization form with Bank of America to allow KENT, under his alias "Daryl Walker," to receive a business employee check card for Midwest Global.

f.   In or about April 2012, KENT, under his alias "Daryl Walker," conducted a site visit on behalf of Midwest Global.

(Title 18, United States Code, Section 1349.)

<u>FORFEITURE ALLEGATION</u>

9.   As a result of committing the offense alleged in Count One of this Indictment, THOMAS JEFFERSON KENT, JR., a/k/a "Daryl Walker," SANFORD GOTTESMAN, BRAD ROBINSON, and BENO MATTHEWS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any property, real and personal, which constitutes or is derived from proceeds traceable to said offense.

6

## Substitute Asset Provision

10.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

THOMAS JEFFERSON KENT, JR.,
a/k/a "Daryl Walker,"
SANFORD GOTTESMAN,
BRAD ROBINSON,
BENO MATTHEWS,

Defendants.

## INDICTMENT

13 Cr. ___

(18 U.S.C. § 1349.)

PREET BHARARA
United States Attorney.

A TRUE BILL

*Susan Morck*

Foreperson.

7/23/13 - Filed Sealed Indictment.
*aa*

*Judge Gorenstein*
*U.S.M.J.*